IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| ALFONZA SIMMONS, | ) Civil Action No. 3:09-1176-HMH-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | )**REPORT AND RECOMMENDATION** |
| OFFICER CRAIG SMITH, | ) |
| Defendant. | ) |

Plaintiff, Alfonza Simmons, filed this action on May 4, 2009. His allegations concern his arrest on a charge of Criminal Domestic Violence ("CDV") on May 6, 2006. Plaintiff alleges that Defendant violated his rights under the First and Fourth Amendments. He also alleges claims under South Carolina law for false arrest, malicious prosecution, and battery.[1] On June 6, 2010, Defendant filed a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6),[2] to dismiss all tort claims causes of action against him. Plaintiff filed a memorandum in opposition on June 16, 2010.

## **STANDARD FOR MOTION TO DISMISS**

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177

---

[1] Pretrial matters in this case appear to have been referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2] In his motion, Defendant also moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5) because Plaintiff failed to properly serve the named Defendant with process. He does not, however, discuss this further either in his motion or memorandum, such that it is unclear why Defendant believes that service is improper. Thus, meaningful review of these arguments is impossible and it is recommended that Plaintiff's motion to dismiss on these bases be denied at this time.

F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court recently stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, __ U.S. at __, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## **DISCUSSION**

Plaintiff alleges that on May 6, 2006, he was at home with his wife and children. He claims he asked his children to leave, but when they did not, he called the police. Defendant came to Plaintiff's home in response to the call and took Plaintiff and his wife to a local magistrate, who released them. The next day, Defendant went back to Plaintiff's home and placed Plaintiff under arrest for CDV, third offense. Plaintiff asserts that he had no prior CDV convictions. He claims that the arrest was made without a warrant and without probable cause. Plaintiff alleges that Defendant grabbed him in a rude and insolent manner causing him, among other things, physical pain. He provides that the Hampton County Solicitor remanded the CDV 3rd charge to the town court and the charge was dismissed.

2

Defendant argues that the pendant state law claims against him should be dismissed because the governmental entity of the Estill Police Department is the appropriate defendant on all tort claims by virtue of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10, et seq. Plaintiff contends that the motion to dismiss should be denied because Defendant's actions are outside of the SCTCA. Specifically, Plaintiff argues that his claims for false arrest and malicious prosecution are not barred by the SCTCA because he has alleged malice, which is inferred from the lack of probable cause. He argues that his claim for battery is not barred by the SCTCA because he has alleged that Defendant intended to harm him.

The SCTCA constitutes the exclusive remedy for torts committed by a government employee acting within the scope of his official duties. S.C. Code Ann. § 15-78-70(a). In such a case, the agency or political subdivision for which the employee was acting is the proper party defendant. S.C. Code Ann. § 15-78-70(c). Under the SCTCA, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is immune from liability for that tort; however, an employee is not entitled to immunity if it is proven that the employee's conduct was not within the scope of his official duties or if it constituted "actual malice" or "intent to harm." S.C. Code Ann. § 15-78-70(b).

It is recommended that Defendant's motion to dismiss be denied. Plaintiff argues that he has alleged sufficient facts to state claims that are not barred by the SCTCA. Defendant has not responded to this argument. In the light most favorable to Plaintiff, Plaintiff has alleged sufficient facts to state plausible claims for false arrest, malicious prosecution, and battery which are not barred by the SCTCA. Plaintiff alleges that he was arrested without probable cause and seeks punitive

damages. He also alleges that Defendant "in a rude and insolent manner" grabbed him causing him physical pain.

## **CONCLUSION**

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 21) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

November 19, 2010
Columbia, South Carolina

4